## Case No. 1,460.

### BLACK et al. v. HUBBARD et al.

[3 Ban. & A. 39;[1] 12 O. G. 842.]

Circuit Court, N. D. New York. Aug. Term, 1877.

PATENTS—INFRINGEMENT—ASSIGNEE OF LICENSEE.

1. The agent of the patentee authorized H. & Co., for a valuable consideration, to construct a furnace, involving the patent, for use at their tannery. The furnace was constructed there by H. & Co., in pursuance of the license, and the defendants afterwards acquired it from them: *Held*, that the patentee, who was the complainant's intestate, had no right or interest in respect to the furnace so built, or to the use of it in the place where it was so built, during the term of his original patent, and acquired none by the extension thereof afterward obtained, and that the defendants, who acquired it from H. & Co., have had and still have the right to use it, clear of any claim for infringement by the patentee or his representatives.

[Cited in Washburn & Moen Manuf'g Co. v. Griesche, 16 Fed. 670; American Tube-Works v. Bridgewater Iron Co., 26 Fed. 336; Montross v. Mabie, 30 Fed. 236.]

2. It is a sufficient defence to a suit for infringement, to show that the infringing machine was constructed for use by the defendants or those under whom they claim, with the consent of the patentee, obtained and paid for.

[3. Cited in Montross v. Mabie, 30 Fed. 234, to the point that the extent of the license is the contract of the party making it.]

[In equity. Bill by Charles N. Black, as administrator of Moses Thompson, and Eliza W. Fitzgerald, as administratrix of William P. N. Fitzgerald, against Joseph B. Hubbard and Charles North, for infringement of letters patent No. 12,678, granted to said Thompson, April 10, 1855, and reissued March 31, 1857 (No. 446). Bill dismissed.]

Charles N. Black, for complainants.

William H. Bright and B. B. Burt, for defendants.

WHEELER, District Judge. This cause has been heard on bill, answer, replication, testimony, and argument of counsel. In Bloomer v. Millinger, 1 Wall. [68 U. S.] 340, the supreme court, in considering the right to use a thing patented, acquired of, or made by authority of the patentee, both during the time of the original and also of an extension of the patent, Clifford, J., delivering the opinion of the court, say: "Patentees acquire the exclusive right to make and use, and vend to others to be used, their patented inventions for the period of time specified in the patent, but when they have made and vended to others to be used one or more of the things patented, to that extent they have parted with their exclusive right. They are entitled to but one royalty for a patented machine, and consequently when a patentee has himself constructed the machine and sold it, or authorized another to construct and sell it, or to construct and use and oper-

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

ate it, and the consideration has been paid to him for the right, he has then to that extent parted with his monopoly, and ceased to have any interest whatever in the machine so sold or so authorized to be constructed and operated. Where such circumstances appear, the owner of the machine, whether he built it or purchased it, if he has also acquired the right to use and operate it during the lifetime of the patent, may continue to use it until it is worn out, in spite of any and every extension subsequently obtained by the patentee or his assigns."

In this case it clearly appears, from the testimony of Lewis Rider and Charles North, that Rider was an agent or attorney of the patentee of the invention in question, and that as such agent he authorized Hubbard, Coman & North, in consideration of one hundred and fifty dollars paid, to construct a furnace, involving the patent, for use at their tannery, and that such a furnace was constructed there in pursuance of that license, the use of which at that place is the infringement complained of. Upon the principles stated, applied to these facts, after that transaction, the patentee, Moses Thompson, the orator's intestate, had no right or interest in respect to the furnace so built, or the use of it there, during the time of his original patent, and acquired none by his extension afterward. And those who constructed it under his authority, and the defendants who acquired it of them, have had and still have the right to use it at that place clear of any claim for infringement by him or by the orators who are his representatives. Wooster v. Sidenberg [Case No. 18,039]. And the construction of the furnace under that authority, although prior to the patent for improvement in bagasse-furnaces, obtained December 15th, 1857, would, according to those principles, as well as by force of the express provisions of the statutes (Rev. St. U. S. § 4899), give the right to use the furnace there against that patent.

It is objected, in argument, that there is not sufficient proof of the loss of the power of attorney to Rider; nor of the written instrument executed by him to Hubbard, Coman & North, to lay foundation for proof of their contents; nor sufficient proof of their contents, if admissible, to show any lawful conveyance of the right to use this furnace. But in the view taken of this case these objections are immaterial. Hubbard, Coman & North may not have acquired the right to use the furnace by lawful conveyance, according to the statutes, of that right, as a subject of conveyance by itself. The defendants do not stand upon such a conveyance. They acquired the right to use it by constructing it for use with the consent of the patentee obtained and paid for. To make out their defence it is only necessary for the defendants to show the construction, with such consent, by competent proof. These are facts that might be proved by any evidence

ordinarily competent to prove such facts. The testimony of Rider, when credited, abundantly shows that he was the agent of the patentee, in a general way, to dispose of the right to use the furnaces. This would include the right to part with the monopoly by consenting to the construction of furnaces involving the invention. The testimony of both him and North shows that this furnace was constructed with his consent, given on behalf of Thompson, the patentee, and the consideration for it paid. And the testimony of North further shows that the defendants acquired all the rights of Hubbard, Coman & North in the furnace, which would carry the right to use that furnace there, as long as it should last. For these reasons it is considered that the orators have not maintained any claim against the defendants, as set up in their bill of complaint.

The bill of complaint of the orators is dismissed with costs.

[NOTE. For other cases involving this patent, see note to Black v. Thorne, Case No. 1,465.]